# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | I.D. No. 2212011078 |
| | ) | |
| J'SHAWN EDWARDS | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: July 28, 2025
Decided: August 6, 2025

*Upon Defendant J'Shawn Edwards Motion for Postconviction Relief*
**SUMMARILY DISMISSED.**

*Upon Defendant J'Shawn Edwards Motion for Appointment of Counsel*
**DENIED.**

## **ORDER**

Joseph Grubb, Esquire, Erika Flaschner, Esquire, Deputy Attorneys General, DEPARTMENT OF JUSTICE, 820 N. French St., Wilmington, Delaware 19801, Attorneys for the State.

J'Shawn Edwards, James T. Vaughn Correctional Center, 1181 Paddock Road, Smyrna, Delaware 19977, *pro se*.

**WHARTON, J.**

This 6th day of August 2025, upon consideration of Defendant J'Shawn Edwards' ("Edwards") Motion for Postconviction Relief,[1] Motion for Appointment of Counsel,[2] and the record in this matter, it appears to the Court that:

1.    Edwards pled guilty on December 7, 2023 to Illegal Gang Participation, Manslaughter, three counts of Possession of a Firearm During the Commission of a Felony ("PFDCF"), Conspiracy First Degree, and Reckless Endangering First Degree.  He was sentenced on February 13, 2014 as follows: 25 years at Level V, suspended after 5 years, for decreasing levels of supervision on the Manslaughter charge; 25 years at Level V, suspended after three years for probation on each of the PFDCF charges; five years at Level V, suspended after one year for probation on the reckless endangering and conspiracy charges, and three years at Level V, suspended after one year for probation on the gang participation charge.[3]  Since that time, Edwards has moved unsuccessfully for a modification of sentence – first through counsel[4] and second *pro se*.[5]  He also moved unsuccessfully for correction of an illegal sentence.[6]

2.    He now moves under Rule 61 for postconviction relief, filing his motion on July 28, 2025.  The formatting of his motion makes it difficult to identify

---

[1] D.I. 51.
[2] D.I. 52.
[3] D.I. 40.
[4] D.I. 42.
[5] D.I. 44.
[6] *State v. Edwards,* 2025 WL 1695129 (Del. Super. Ct. Jun. 17, 2025).

individual claims for relief. A theme that runs through the motion, however, is that he did not consent to a search of his cell phone. Although he does not say so in this motion, in other filings he asserts that his cell phone was found by police in the possession of fellow gang member and co-defendant Elijah Coffield, and that the police obtained a search warrant for that phone.[7] Nevertheless, he argues that the search of the phone violated his 4th Amendment rights because he did not consent to the search.[8] He contends that his attorneys were ineffective because they failed to protect those 4th Amendment rights.[9] He challenges the validity of his plea because, "Defendant did not give validity of his consent before any plea was offered or given through colloque [sic]." He makes an additional claim that "because he had began [sic] service of his sentences constitutes an unconstitutional enhancement he assert that double jeopardy clause."[10]

     3.     Before addressing the merits of a defendant's motion for postconviction relief, the Court must first apply the procedural bars of Superior Court Criminal Rule 61(i).[11] If a procedural bar exists, then the Court will not consider the merits of the postconviction claim.[12]

---

[7] D.I. 45.
[8] D.I. 51.
[9] *Id.*
[10] *Id.*
[11] *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[12] *Id.*

4.       Under Delaware Superior Court Rules of Criminal Procedure, a motion for post-conviction relief can be barred, *inter alia*, for time limitations, successive motions, procedural default, or former adjudication.  A motion exceeds time limitations if it is filed more than one year after the conviction becomes final or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right was first recognized by the Supreme Court of Delaware or the United States Supreme Court.[13]  No second or subsequent motions are permitted.[14]  Any ground for relief that was not previously asserted is barred unless the movant shows cause for relief from the procedural default and prejudice from violation of the movant's rights.[15]  Grounds for relief that were formerly adjudicated, whether in the proceedings leading to conviction, on appeal, or otherwise, are barred.[16]  The bars to relief do not apply: (1) to a claim that the court lacked jurisdiction; or (2) to a claim that pleads with particularity that new evidence exists that creates a strong inference of actual innocence,[17] or that a new retroactively applied rule of constitutional law renders the conviction invalid.[18]

---

[13] Super. Ct. Crim. R. 61(i)(1).
[14] Super. Ct. Crim. R. 61(i)(2).
[15] Super Ct. Crim. R. 61(i)(3).
[16] Super. Ct. Crim. R. 61(i)(4).
[17] Super. Ct. Crim. R. 61(i)(5).
[18] Super. Ct. Crim. R. 61(d)(2)(i) and (ii).

6. Summary dismissal is appropriate if it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief.[19]

7. Applying the procedural bars of Rule 61(i), the motion is untimely since it was filed more than one year after the conviction became final. Edwards was sentenced on February 13, 2024. He did not appeal and his conviction became final on March 17, 2024. To overcome this bar to relief, Edwards either must claim that the Court lacked jurisdiction, or satisfy the pleading requirements of Rule 61(2)(i) or (2)(ii).[20] He has chosen the former, claiming the Court lacked jurisdiction.[21] His argument is, "The State Court lacked jurisdiction to impose such sentence because Black's Law – Court lacked jurisdiction – means the court lacked authority to impose such sentence. [Court means Judge]."[22] Edwards confuses the authority of the Court to impose sentences on charges like the ones to which he entered his guilty pleas, which it obviously does, with the merits of his postconviction arguments. The procedural bar of Rule 61(i)(1) applies and Edward's untimely motion must be **SUMMARILY DISMISSED**.

**THEREFORE**, since it plainly appears from the Motion for Postconviction Relief and the record in this case that Edwards is not entitled to relief, the Motion

---

[19] Super. Ct. Crim. R. 61(d)(5).
[20] Super Ct. Crim. R. 61(i)(5).
[21] D.I. 51.
[22] *Id.*

5

for Postconviction Relief is **SUMMARILY DISMISSED.** The Motion for Appointment of Counsel is **DENIED.**

      **IT IS SO ORDERED.**


/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

oc:    Prothonotary
cc:    Investigative Services